NOT FOR PUBLICATION (Docket No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| VINCENT BOCCHICCHIO, | : |
| Plaintiff, | : Civil No. 10-472 (RBK/AMD) |
| v. | : **OPINION** |
| AUDUBON POLICE DEPT., et al, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court are the Complaint and Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 filed by Plaintiff Vincent Bocchicchio ("Plaintiff") in his case against Defendants Audubon Police Department, Tom Goose, Camden County Prosecutor's Office, and "all parties involved" (collectively, "Defendants").[1] For the reasons expressed herein, the Court will order Plaintiff to amend his Complaint and will deny his Application to Proceed In Forma Pauperis without prejudice.

**I.    BACKGROUND**

On January 27, 2010, Plaintiff filed this pro se action, alleging that Defendants conducted

---

[1] Plaintiff's Application to Proceed In Forma Pauperis and Application for Pro Bono Counsel (Docket No. 2) list as defendants the three parties named above and "all parties involved." Plaintiff clearly believes other parties are proper defendants in this case but has not furnished the Court with the identities of those other parties. As the Court will order Plaintiff to amend his Complaint, the additional defendants should be explicitly identified in the caption of the Amended Complaint.

1

a "disgusting smear campaign" and an "illegal investigation" for the purpose of harassing Plaintiff and his family and friends. (Compl. 6-7, 14, 23.) Plaintiff seems to allege that Defendants were retaliating against him, initially for filing assault charges against a neighbor who allegedly was an off-duty police officer (see id. 1-5), and later for filing formal disciplinary complaints against other officers, who allegedly participated in the initial retaliation (see id. 8-10, 12). Plaintiff seems to allege further that some of Defendants' actions were racially motivated. (See id. 1, 10.) Plaintiff vaguely sets forth these factual allegations but does not, vaguely or otherwise, describe his cause of action against Defendants.

Plaintiff also filed an Application to Proceed In Forma Pauperis. Plaintiff responded to most of the questions on the form application, but some of the answers are incomplete or contradictory. Plaintiff disclosed four employment positions held within the previous two years, one of which he held within the previous twelve months. (Pl.'s Applic. 2.) However, Plaintiff failed to disclose the amount of income earned from any of those positions and listed zero as his average monthly income for the past twelve months. (Id. 1-2.) Moreover, Plaintiff did not provide a value for his primary motor vehicle. (Id. 3.)

## II.    APPLICABLE LAW

### (a)    Sufficiency of Complaint

Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (citing Dura Pharm. v. Broudo, 544 U.S. 336, 346 (2005)).

Although a plaintiff need not include detailed factual allegations in his complaint, a plaintiff's complaint must provide the grounds of his entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 555 (2007) (internal quotations omitted). The complaint must include enough factual allegations to "raise a right to relief above the speculative level." Id.

Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Rule 10(b) requires that all averments of a claim "shall be in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the Plaintiff, even after Twombley. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice, or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**(b)     Application to Proceed In Forma Pauperis**

As a general matter, an individual who wishes to institute a civil action in this district must prepay a filing fee of $350. See 28 U.S.C. § 1914 (2006); L. Civ. R. 54.3(a). A court may grant an application to proceed without prepayment of fees or costs where the applicant submits an affidavit and supporting documentation indicating that the individual is unable to pay. 28 U.S.C. § 1915(a)(1). The applicant bears the "burden to 'provid[e] the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis

status.'" Freeman v. Edens, No. 07-12227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (citing Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (alterations in the original)).

### III. ANALYSIS

Plaintiff's Complaint is insufficient. It does not include a short and plain statement of his claim against Defendants. It also fails to include a short and plain statement of the grounds for this Court's jurisdiction. By these omissions, the Court and the Defendants are left without sufficient knowledge of the details of this case. The Court is unable to assess fully the basis of its jurisdiction over the case, and the Defendants are without sufficient notice to defend the action. Plaintiff thus has failed to meet the requirements of Rules 8 and 10. Accordingly, the Court will order Plaintiff to file an Amended Complaint that complies with the Federal Rules of Civil Procedure.

Plaintiff's Application to Proceed In Forma Pauperis also is insufficient. Plaintiff does not disclose his income from the previous two years. Likewise, he fails to disclose, perhaps selectively, certain asset values. Without this information, Plaintiff's application is incomplete, and the Court is unable to determine whether Plaintiff has the ability to pay fees and costs. Accordingly, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice.

### IV. CONCLUSION

For the reasons expressed, the Court will order Plaintiff to file an Amended Complaint which conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure on or before **April 2, 2010**, under pain of this Court dismissing this case for failure to plead

properly. The Court will also deny Plaintiff's Application to Proceed In Forma Pauperis without prejudice. An accompanying Order shall issue today.


Dated:  3-22-2010                                         /s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge